501 F.2d 181
 UNITED STATES of America, Plaintiff-Appellee,
v.
NORTHSIDE REALTY ASSOCIATES, INC., et al., Defendants-Appellants.
No. 74-1414 Summary Calendar.*
*Rule 18, 5 Cir., Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 Sept. 23, 1974.
 
 Harold L. Russell, Lioyd Sutter, Atlanta, Ga., for defendants-appellants.
 William B. Saxbe, Atty. Gen., Dept. of Justice, Jerris Leonard, Asst. Atty. Gen., Frank E. Schwelb, Chief, Housing Section, Civil Rights Div., U.S., Washington, D.C., David T. Kelley, Dept. of Justice, Harold H. Moore, Attys., J. Stanley Pottinger, Asst. Atty. Gen., Washington, D.C., John W. Stokes, Jr., U.S. Atty., Atlanta, Ga., Julian M. Longley, Jr., Asst. U.S. Atty., Thomas N. Keeling, Housing Section, Washington, D.C., for plaintiff-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit, judges.
 PER CURIAM:
 
 
 1
 The United States brought this action in July, 1970, against Northside Realty and its executive vice-president, Ed Isakson, alleging that defendants had refused to make housing available to Blacks on account of race in violation of the Fair Housing Act, 42 U.S.C. 3601 et seq. The district court found defendant in violation of the Act and granted injunctive relief. From the district court's findings of fact and conclusions of law, we were unable to ascertain whether the determination that the Act had been violated was based on the impermissible ground that Isakson challenged the Act constitutionally. We remanded for clarification and directed the district court to enter fresh findings of fact and conclusions of law. United States v. Northside Realty Associates, Inc., 5 Cir., 1973, 474 F.2d 1164. The district court has now complied with our request and has specifically found, without regard to Isakson's statements about constitutionality, that the United States is entitled to relief.
 
 
 2
 Defendants appeal to us once again raising four assignments of error. We find these contentions to be without merit and affirm.
 
 
 3
 Defendants contend that the lower court's determination that the Government carried its burden of proving an issue of public importance is erroneous. They also contend the district court's findings were clearly erroneous and reflected no consideration of essential uncontroverted material facts. They further assert that the grant of injunctive relief was an abuse of discretion. These assignments of error were fully explored the first time this case reached us. We adhere to our position that the question of what constitutes an issue of general public importance is, absent specific statutory standards, a question most appropriately answered by the executive branch. Northside, supra, at 1168. Further, we held that the district court was not clearly erroneous in finding that defendants violated the act and that the violations, absent Isakson's challenge to the validity of the Act, would alone support the granting of unjunctive relief. Northside, supra, at 1170-1171.
 
 
 4
 Defendants complain that the district court erred, after remand, in refusing to refer this case to the Attorney General for another determination of whether 'reasonable cause' existed pursuant to 42 U.S.C. 3613 because the allegations available to the Attorney General in office when the first complaint was issued failed of proof or were found not to support the relief sought. In view of our holding that the district court found facts sufficient to support a violation of the Act, we find no merit in defendants' final contention.
 
 
 5
 Affirmed.